

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Roland Boyd
Criminal District Attorney
Collin County
McKinney, Texas

Attention: Honorable Dwight Whitwell

Dear Sir:

Opinion No. 0-4892
Re: Legality of procedure under Article 666-44, Vernon's Annotated Penal Code, with respect to the order of sale of a motor vehicle used in the illegal transportation of liquor, and a related question.

Your letter of recent date requesting the opinion of this department on the questions stated therein reads in part as follows:

"Will you please advise this office your opinion on the following questions:

"Under Article 666-44 of the Penal Code which deals with the illegal transportation of liquor we find this language, 'The court upon conviction of the person so arrested shall order the alcoholic beverages disposed of as provided in this act and unless good cause to the contrary is shown by the owner, shall order the sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the seizure and the cost of sale, shall pay all liens and so forth'. The punishment of the liquor control act make the offenses misdemeanors of which the county court is the only court that has jurisdiction. Acting under the wording of this

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

statute our county court, after conviction of the
offenses in that court for the illegal trans-
portation of liquor, in the same case and on the
same docket sheet enters an order directing the
sheriff to sell the motor vehicle involved in
the case.

"Question No. One. In view of the fact that
the constitution of Texas provides that the Dis-
trict Court shall have exclusive jurisdiction of
all civil suits on behalf of the state to de-
clare forfeitures, is this statute and the above
procedure under it, legal or illegal?

"Question No. Two. Article 950 of the Code
of Criminal Procedure provides that the County
Attorney shall receive a commission of 10% and
the county clerk 5% on all fines and forfeitures
and judgments in behalf of the state or county
for the collection of money. Does this statute
authorize the county court to direct the sheriff
to pay such commissions to said officers on the
selling price of a forfeited automobile, to be
paid out of the proceeds of the sale?

"In this connection, we desire to call your
attention to the case of Pharies vs. Kimbrough
118 S. W. (2d) pg. 662 and particularly the fol-
lowing language at the bottom of page 663 wherein
the Austin Court of Civil Appeals says, 'Under
the statute involved and the authorities, the
guilt of the automobile, or the state's right
of forfeiture, is imputed upon the conviction
of the owner or person using the automobile in
the commission of the offense; and relates back
to the date of the commission of the offense.
The proceeding is therefore not to forfeit, but
to enforce the forfeiture that has resulted un-
der the statute from the conviction of unlawful
transportation of intoxicating liquor, in the com-
mission of which offense the automobile was used.'

"Our own personal ideas of the situation is
that this whole proceeding is a criminal proceeding

over which the county court has jurisdiction and
is not such a civil action and forfeiture as would
place exclusive jurisdiction in the district court,
and since as a result of the efforts of the county
attorney a conviction results in a prosecution,
and as a result of such conviction a forfeiture
of the car follows and a judgment is thereby se-
cured ordering the sale, and as a result of the
sale the State Liquor Board receives large sums
of money in cash. It occurs to us that this is
a forfieture or judgment on which the above men-
tioned fees should be paid.

"We are having a large number of these pro-
ceedings in this county and during the past year
have paid into the State Liquor Board several
thousand dollars on which no local officer received
any fees which, by the way, would have gone to the
benefit of our officer's salary fund. In the
event you hold that such fees are collectable in
such proceedings, will you also advise if the
court will be authorized to direct the withhold-
ing out of future sales sufficient funds to pay
fees in past proceedings out of which no fees
were collected."

In answer to your first question we direct your
attention to our opinions Nos. 0-4898 and 0-4693 which hold
that the procedure with reference to the sale of motor ve-
hicles under Article 666-44, Vernon's Annotated Penal Code,
as set out in your letter is legal and the proper procedure
to follow in such cases. In your first question you also
asked whether or not this statute (Article 666-44, supra),
is legal or illegal? We assume that you raise the question
of the constitutionality of this statute. In the case of
Pharies v. Kimbrough, 118 S. W. (2d) 662, the question as
to the constitutionality of the statute (Article 666-44,
supra), was raised on certain grounds as mentioned therein
and the court held the statute to be constitutional.

We now consider the second question submitted by
you. Article 950, Vernon's Annotated Code of Criminal Pro-
cedure, provides:

"The district or county attorney shall be
entitled to 10% of all fines, forfeitures or

moneys collected for the state or county, upon
judgments recovered by him; and the clerk of the
court in which said judgments are rendered shall
be entitled to 5% of the amount of said judgments,
to be paid out of the amount when collected."

Referring to this statute (Article 950, supra) it
is stated in Texas Jurisprudence, Volume 15, page 424:

"This enactment was intended to cover all
recoveries of money for the state or county for
which a particular proceeding is instituted and
prosecuted to judgment of recovery in favor of
the state or county."

Commissions on adjudged forfeitures become due to
the attorneys representing the State only when the money is
collected, and they are to be taken out of such money; they
are not costs and cannot be taxed as such.  (State v. Dyches,
28 Tex. 535; Texas Jurisprudence, Volume 19, page 817.)

We do not think that the procedure with reference
to the sale of a motor vehicle under Article 666-44, supra,
is a procedure to declare a forfeiture as contemplated by
the Constitution.  The procedure involved in the disposition
of the property seized under said statute is not a proceed-
ing to forfeit.  We direct your attention to the language of
the court in the case of Pharies v. Kimbrough, 118 S.W. (2d)
662, where the court is referring to such a proceeding and
says:

"The proceeding is therefore not to forfeit;
but to enforce the forfeiture that has resulted
under the statute from the conviction of unlawful
transportation of intoxicating liquor, in the com-
mission of which offense the automobile was used.
. . ."

We do not think that the statute (Article 950, supra)
is broad enough to allow the commission mentioned therein to
the county or district attorney or to the clerk of the court
in the proceeding under consideration.  It will be noted that
Article 666-44, supra, among other things, provides in effect
that the officer making the sale, after deducting the expenses
of keeping the property, the seizure, and the costs of sale,

shall pay all liens according to the priorities which are established by intervention or otherwise at said hearing or in other proceedings brought for said purpose, as being bona fide, and as having been created without the lien or having any notice that the vehicle was being used or was to be used for any illegal transportation of liquor shall pay the balance of the proceeds to the Board to be allocated as permit fees.

In connection with the foregoing it is our further opinion that the district or county attorney would not be entitled to any commission under Article 335, Vernon's Annotated Civil Statutes. In support of this statement we direct your attention to our opinion No. 0-2410 (Conference Opinion No. 0-3105) construing Article 335, Vernon's Annotated Civil Statutes.

Copies of all the above mentioned opinions referred to are enclosed herewith. We also enclose herewith copies of our opinions Nos. 0-4722 and 0-4040 construing Article 666-44, Vernon's Annotated Penal Code.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:db

Enclosures

APPROVED OPINION COMMITTEE
BY _____ CHAIRMAN